IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No. 8:09CR71 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| **JERRY WAYNE WADDLE,** | ) | |
| | ) | |
| Defendant. | ) | |

    This case is before the court on the defendant's Motion to Dismiss Indictment (#17). At the conclusion of the hearing on April 3, 2009 I stated on the record my conclusions and recommendations to the defendant's motion to dismiss the indictment, with the exception of Paragraph No. 3 of the motion, in which the defendant argues, "the indictment must be dismissed because the attorney general determination of the scope of SORNA's retrospective reach violated the Administrative Procedure Act, 5 U.S.C. § 553. Accordingly, SORNA has never been validly made retroactive to the defendant's prior conviction."

    I now recommend to the Honorable Lyle E. Strom, Senior United States District Judge, that the Motion to Dismiss Indictment (#17) be denied in its entirety.

    While the defendant alleges that the United States Attorney General implemented its interim rule regarding retroactivity without following the requirements of the Administrative Procedures Act, the weight of case authority does not support such a conclusion. In this case the Justice Department's use of the "good cause" exception, while narrowly constructed, should be approved because sufficient justification was present. *United States v. Gould*, 526 F. Supp. 2d 538 (D. Md. 2007); *United States v. Cardenas*, 2007 WL 4245913, case No. 07-80108 (S.D. Fla., Nov. 29, 2007); *United States v. Pitts*, 2007 WL 3353423, case No. 07-157 (M.D. La., Nov. 7, 2007).

In *United States v. Morris,* 2009 WL 753989, case No. 2:08-CR-0229 (D. Nev., March 18, 2009), the court was faced with the same Administrative Procedures Act challenge to SORNA and found that the Attorney General properly invoked the good cause exception to notice and comment rulemaking. In denying the defendant's motion to dismiss, the court noted: "Indeed, it would be difficult to conjure up more compelling reasons than protecting the public from sex offenders and preventing additional sexual assaults and child sexual abuse or exploitation offenses to invoke the good cause exception." 2009 WL 753989 at *23 (quoting *United States. v. Shenandoah*, 572 F. Supp. 2d 566, 574 (M.D. Pa. 2008)).

**IT IS RECOMMENDED,** to the Honorable Lyle E. Strom, Senior United States District Judge that for the reasons set out in the April 3, 2009 Report and Recommendation (#23), and the reasons set out in this Report and Recommendation, that the defendant's Motion to Dismiss Indictment (#17) be denied its entirety.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2.

**DATED May 12, 2009.**

                          **BY THE COURT:**

                          **s/ F.A. Gossett**
                          **United States Magistrate Judge**